NOT FOR PUBLICATION                                              CASE CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.G. and D.G. o/b/o JU. G. and JO. G., | Civil Action No. 06-5612 (SDW) |
| Plaintiffs, | |
| v. | OPINION |
| PARAMUS BOARD OF EDUCATION, | |
| Defendant. | April 11, 2008 |

**WIGENTON**, District Judge.

Before the Court are Cross Motions for Summary Judgment filed by Plaintiffs, J.G. and D.G., on behalf of their children, Ju.G. and Jo.G. ("Plaintiffs")[1], and Defendant, Paramus Board of Education ("Defendant")[2], pursuant to Fed. R. Civ. P. 56(c). The Court, having considered the parties' submissions and having decided the matter without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons set forth below, **GRANTS** Defendant's motion and **DENIES** Plaintiffs' motion.

I.      **JURISDICTION AND VENUE**

The Court has original jurisdiction over the parties federal claims pursuant to 28 U.S.C. §1331 via 20 U.S.C. §1415(i)(2) of the Individuals with Disabilities Education Act ("IDEA"). Venue is proper pursuant to 28 U.S.C. § 1391(b).

---

[1] This Motion corresponds to docket entry 14.

[2] This Motion corresponds to docket entry 15.

## II. FACTUAL BACKGROUND

Plaintiffs, Ju. G. and Jo. G., are autistic, IDEA-eligible seven year old children who are represented in this matter by their parents, J.G. and D.G. (Pl.'s Br ¶¶ 1, 2, 3.) On September 9, 2005, Defendant approved 15 weekly home therapy hours for Plaintiffs. (Pl.'s Br ¶ 6.) On October 14 and April 12, 2006, Plaintiffs filed two separate, but identical Due Process IDEA petitions before the Office of Administrative Law ("OAL") requesting past therapy expense reimbursement and 25-30 additional weekly therapy hours. (Def.'s Br. at 1.) During litigation, Plaintiffs repeatedly failed to respond to Defendant's discovery requests and ultimately withdrew their petitions. (*Id.* at 1-2.) On June 6, 2006, Plaintiffs filed a third Due Process IDEA petition ("Petition") which forms the basis of the instant matter. (*Id.* at 2-3.)

On June 16, 2006, Defendant filed a Motion to Dismiss for failure to provide discovery and comply with court orders ("Motion"). (*Id.* at 3.) One day before the parties August 2, 2006 hearing, Plaintiffs requested and were granted an adjournment on the basis of impending settlement. (*Id.*) Defendant contends that Plaintiffs' settlement representation to Administrative Law Judge Rigo ("ALJ") securing the adjournment was inaccurate as the parties had not reached a settlement as of that date. (*Id.* at 3-4.) Defendant received Plaintiffs' first discovery response on August 7, 2006. (Def.'s Reply Br. at 1.) The ALJ received Plaintiffs' Motion response on August 11, 2006. (Def.s Br. at 4.) The ALJ granted Defendant's Motion dismissing Plaintiffs' Petition after Plaintiffs failed to meet the ALJ-extended deadline of August 10. (*Id.*) Plaintiffs then filed an appeal with this Court pursuant to IDEA sub-section 28 U.S.C. §1415(i)(2). (*Id.* at 5.) The parties now cross move for summary judgment before this Court. (*See* Def.'s Mot. to Dismiss; Pl.'s Mot. to Dismiss.)

2

## III. LEGAL STANDARD

### A. *Standard for Summary Judgment*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant; it is material if under the substantive law, it is outcome-determinative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant has the initial burden to demonstrate that there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The movant must "present a factual scenario without any unexplained gaps." *National State Bank v. Federal Reserve Bank of New York*, 979 F.2d 1579, 1581 (3d Cir. 1992). The movant need only "point to the lack of any evidence supporting the non-movant's claim." *Id.* Once the movant has carried its burden under Rule 56(c), the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). If the opposing party fails to do so, "summary judgment, if appropriate, shall be entered." Fed. R. Civ. P. 56(e). In determining whether there is a genuine issue of material fact, the Court may not weigh the evidence or determine the truth in the matter. *Anderson*, 477 U.S. at 249. Moreover, the Court must draw all reasonable inferences in favor of the non-movant. *Id.* at 255.

### B. *Standard For ALJ Decision Review*

The IDEA provides for an administrative decision appeal to a United States district court. 20 U.S.C. § 1415(i)(2)(A); *S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 266

3

(3d Cir. 2003); *H.G. v. Audubon Bd. of Educ.*, No. 05-4220, 2006 WL 1675072 at 3-4 (D.N.J. 2006). The Court must apply an "unusual" version of *de novo* review for appeals arising under the IDEA and must give "due weight" to the ALJ's determination. *Shore Reg'l High Sch. Bd. of Educ. v. P.S.*, 381 F.3d 194, 199 (3d Cir. 2004). "Factual findings from the administrative proceedings are to be considered *prima facie* correct." *S.H.*, 336 F.3d at 271 (3d Cir. 2003). If the Court departs from the ALJ's reasoning and decision, it must fully explain why. *Id.* It is on the foregoing standards of review that the Court adjudicates the instant cross-motions.

## IV. DISCUSSION

### A. *Plaintiffs' Procedural Deficiencies*

The ALJ based her Petition Dismissal on Plaintiffs failure to submit timely responses to Defendant's Motion and discovery requests. Plaintiffs argue that the ALJ's use of erroneous facts and legal conclusions dictate reversal. Defendant argues that Plaintiffs procedural deficiencies were fatal and seeks dismissal affirmation. For the reasons discussed below, and affording due weight to the ALJ's findings, this Court finds that Plaintiffs failed to meet necessary procedural requirements,[3] it affirms the ALJ's dismissal decision and grants Defendant summary judgment.[4]

---

[3] The Court declines review of Plaintiffs' substantive claims as ALJ Rigo's Petition dismissal decision only addressed Plaintiffs' procedural deficiencies, and not their substantive claims.

[4] The Court notes that the Petition's dismissal does not affect Plaintiffs ability to file prospective Due Process petitions in connection with current or future educational decisions. Rather, the instant dismissal simply precludes Plaintiffs from filing another claim for retroactive services or reimbursement for issues arising from the Petition dismissed by the ALJ in August, 2006.

### 1. Plaintiffs Failed to Provide a Timely Response to Defendant's Motion

An opposing party must respond to a summary decision motion within 10 days of filing or appropriately request an extension. N.J.A.C. 1:1-12.2. An ALJ may dismiss a party's petition where responsive papers are not provided in a timely manner. N.J.A.C. 1:1-14.14(a)(1); *K.L. and L.L. o/b/o L.L. v. Old Bridge Township Bd. of Ed.*, OAL Docket No.: EDS 4768-03 (Jan. 7, 2004). Plaintiffs did not respond to Defendant's June 16, 2006 Motion until August 11, 2006 – eight weeks post-filing. By doing so, Plaintiffs not only failed to meet the initial oppositional deadline of June, 26, 2006, but they also failed to meet the ALJ-extended deadline of August 10, 2006. Plaintiffs contend that their reply timely arrived on August 10, 2006. (Pl.'s Br. Exhibit K.) A review of the motion record reveals that Plaintiffs' opposition papers were not received in court until after 4:00 pm on August 10, 2006, and not actually in Defendant or ALJ Rigo's possession until August 11, 2006, despite ALJ's Rigo's express requirement that she receive it by 4 pm on August 10, 2006. (ALJ's Decision at 3; Def.'s Reply Br. at 7.) This Court must give due weight to the factual determinations of the ALJ and, in doing so, must defer to the ALJ's factual determination that Plaintiff's response was late as "*prima facie* correct." *Shore Reg'l High Sch. Bd. of Educ.*, 381 F.3d at 199; *S.H.*, 336 F.3d at 271. In either case, Plaintiff failed to respond to Defendant's Motion within the requisite time period.

### 2. Plaintiffs Failed to Adhere to Mandatory Applicable Discovery Rules.

Discovery requests must be responded to within 15 days of notice and service pursuant to N.J.A.C. 1:1-10.4. Additionally, all discovery must be completed 5 business days before the first hearing date under N.J.A.C. 1:6 (a). Plaintiffs incorrectly assert that discovery demands must be explicitly requested by the ALJ. Under N.J.A.C. 1:1-10.4, a party who fails to provide discovery

5

violates administrative discovery regulations even when no ALJ-mandated discovery request exists. At bar, Plaintiffs did not provide Defendant with any discovery until August 7, 2006 – five days after the original August 2, 2006 hearing date and over eight weeks after Defendant's initial post-Petition requests were served on Plaintiffs.

ALJ's may dismiss a petition for a party's failure to comply with procedural requirements under N.J.A.C. 1:1-14.14(a)(1). While dismissal should be used sparingly in discovery rule violation cases, it is appropriate where a party's "ability to defend his case is seriously impaired." *Zaccardi v. Becker*, 88 N.J. 245, 253 (1982). Further, if no discovery is presented by the hearing date, a plaintiff's lack of supporting evidence may allow for petition dismissal. *M.S.G. v. Lenape Reg'l H.S. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 5414 (D.N.J. 2007). In the instant matter, Plaintiffs failed to answer Defendant's initial June 2006 discovery requests until *after* the original August 2, 2006 hearing date, thereby depriving Defendant of an opportunity to address substantive issues, and to prepare and present a defense. While noncompliance with these rules due to counsel's forgetfulness or neglect may not necessarily warrant dismissal, Plaintiffs repeated disregard for Defendant's discovery requests over the course of all three filed petitions convinced ALJ Rigo that dismissal was appropriate because Plaintiffs' Counsel did not merely "forget" or "neglect" to supply discovery. *Savoia v. F. W. Woolworth Co.*, 88 N.J. Super. 153, 160 (App. Div. 1965).

ALJ dismissals with prejudice are discretionary and appropriate where a party fails to respond to multiple discovery requests or orders, and deliberately "pursues a course that thwarts persistent efforts to obtain the necessary facts." *Abtrax Pharmaceuticals, Inc. v. Elkins-Sinn,*

*Inc.*, 139 N.J. 499, 515 (1995). A party's "deliberate and contumacious" refusal to comply with discovery requests can warrant a claim's dismissal with prejudice. *Id.* at 516 (quoting and citing *Interchemical Corp. v. Uncas Printing and Finishing Co.*, N.J. Super. 318, 321-26 (1956). Here, Defendant requested discovery from Plaintiffs on multiple occasions and Plaintiffs had multiple opportunities to respond, yet failed to timely do so for no good, apparent or justifiable reason. The discovery documents supplied by Plaintiffs on August 7, 2006 were dated "2005" demonstrating Plaintiffs longtime knowledge of their existence and Plaintiffs deliberate and contumacious withholding of discovery responses. Defendant's inability to obtain necessary facts for case defense compelled ALJ Rigo to dismiss the Petition with prejudice. Again, this Court must give due weight to the ALJ's determination that Plaintiffs deliberate failure to supply Defendant with discovery impaired Defendant's ability to properly prepare and present a defense. *Shore Reg'l High Sch. Bd. of Educ.*, 381 F.3d at 199. Plaintiffs failed to respond to Defendant's Motion and discovery requests within the required deadlines. Therefore, the ALJ correctly dismissed the Petition due to these procedural deficiencies. In light of the foregoing, this Court affirms the ALJ's decision and grants Defendant summary judgment.

**B.     *Denial of Attorney's Fees***

A district court may "award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation." 20 U.S.C. §1415(i)(3)(B). Defendant asserts that Plaintiffs' claims are without foundation, frivolous and unreasonable, and that their repeated

withdrawals, re-filings and discovery non-responses served solely to harass Defendant in this matter. Defendant further contends that Plaintiffs' actions needlessly increased the litigation costs. Although Plaintiff filed, withdrew, and re-filed the same petition on several occasions, NJAC 1:1-19.2 allows them to do so as of right. 20 U.S.C. 1415(b)(6)(B). Moreover, because both parties acknowledge and do not contest Plaintiffs' autism diagnoses and special education requirements, Plaintiffs' claims can arguably be considered well-founded and reasonable. The ALJ had discretion to order counsel's fees for the aggrieved party in the original decision, but chose not to. N.J.A.C. 1:1-14.14(a)(4). As such, this Court discretionarily chooses to do the same and denies Defendant's fee and cost application.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) is hereby **GRANTED**, Plaintiffs' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) is hereby **DENIED**, and Defendant's request for counsel fees and costs is hereby **DENIED**. Plaintiffs' Complaint is hereby dismissed in its entirety with prejudice and the Clerk of the Court shall remove this case from the Court's active docket.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

cc: Judge Madeline Cox Arleo